```
 1
 2
 3
 4
 5
 6
 7                      UNITED STATES DISTRICT COURT
 8                     EASTERN DISTRICT OF WASHINGTON
 9  LINNIELL PHIPPS,
10           Plaintiff,              NO. CV-04-5108-MWL
11      v.                           ORDER ADOPTING REPORT AND
                                     RECOMMENDATION
12  RICHARD MORGAN, et al.,
13           Defendants.
14
```

Magistrate Judge Leavitt filed a report and recommendation on January 13, 2006, recommending that Defendants' motion for Summary Judgment be granted, Defendants be awarded summary judgment on all claims set forth in Plaintiff's amended complaint, and Plaintiff's case be dismissed with prejudice. (Ct. Rec. 89).

The report and recommendation permitted Plaintiff ten (10) days, following service thereof, to file written objections to the report and recommendation. (Ct. Rec. 89). However, on January 26, 2006, the Court was informed that the report and recommendation was returned as not deliverable to Plaintiff. (Ct. Rec. 90). On January 30, 2006, Plaintiff informed the Court that his address had been changed. (Ct. Rec. 91). Therefore, on January 30, 2006, the Court ordered that the previously set date for the filing of objections to the report and recommendation be

ORDER - 1

vacated and that the parties be allowed additional time, through, February 17, 2006, to file written objections to the report and recommendation. (Ct. Rec. 92).

On February 17, 2006, Plaintiff filed an objection to the report and recommendation. (Ct. Rec. 96). On February 28, 2006, Defendants filed a response to Plaintiff's objections. (Ct. Rec. 100).

A.  First Amendment Claim

In a claim arising under the First Amendment's Free Exercise Clause, an inmate must first satisfy two criteria: 1) the religious belief is sincerely held and 2) the claim must be rooted in religious belief. *Malik v. Brown*, 16 F.3d 330 (9th Cir. 1994). If these prerequisites are established, then the reasonableness of a prison policy is determined pursuant to the four factors articulated in *Turner v. Safley*, 482 U.S. 78 (1987).[1]

The Magistrate Judge properly concluded that Defendants failed to provide the Court with any reason to doubt that Plaintiff sincerely believed that his religion required him to eat Halal meat, a tenet he believed was central to his religious beliefs. (Ct. Rec. 89, p. 8). Therefore, the Magistrate Judge then discussed the *Turner* factors finding that the Defendants' failure to provide Halal meat to Plaintiff was reasonable.

---

[1]The *Turner* case sets forth the following four factors to be considered in determining when a regulation is reasonably related to legitimate penological interests: 1) There must be a valid, rational connection between the prison regulation and the asserted legitimate governmental interest; 2) whether there are alternative means of exercising the right available to prison inmates; 3) the impact the accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally; and 4) exploration of the absence of ready alternatives to the regulation. 482 U.S. at 89-91.

ORDER - 2

Despite Plaintiff's objections, the Magistrate Judge appropriately analyzed the *Turner* factors in this case. The Department of Corrections ("DOC") has a legitimate interest in reducing its costs, streamlining its food production, limiting the number of required staff, maintaining consolidation of its vendors, and preventing security risks. Islamic law does not require the eating of meat as a condition of being a Muslim, and the ovo-lacto vegetarian meals adequately accommodate Plaintiff's religious dietary requirements at the lowest cost to the DOC. Although Plaintiff has directed the Court to passages from the Quran, none of the quotations actually mandate the eating of meat.

As determined by the Magistrate Judge, the current program of providing Muslim inmates with ovo-lacto vegetarian meals is an adequate alternative to providing Halal meals. By providing ovo-lacto vegetarian meals, the DOC is able to meet Muslim religious requirements and not incur the burdens of a complicated food service, demands for additional staffing, potential increased security threats and increased costs.

The undersigned finds that the Magistrate Judge properly concluded that Defendants' failure to provide Halal meals to Muslim inmates is reasonably related to legitimate penological interests and, accordingly, Plaintiff's right to the free exercise of his religion was not violated by Defendants.

B.   RLUIPA

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government

ORDER - 3

```
        demonstrates that imposition of the burden on that
        person-
        (1) is in furtherance of a compelling government
        interest; and
        (2) is the least restrictive means of furthering that
        compelling government interest.
```

42 U.S.C. § 2000cc-1.

The Magistrate Judge appropriately found that Defendants established a compelling justification for the denial of Halal meals to Plaintiff under RLUIPA, i.e., reducing costs, streamlining food production, limiting the number of required staff, maintaining consolidation of vendors, and limiting security risks. (Ct. Rec. 89, pp. 14-15). The Magistrate Judge also properly concluded that providing ovo-lacto vegetarian meals, the dietary program currently available to Plaintiff, was the least restrictive means of furthering that compelling interest. (*Id.*) The undersigned thus finds, in accord with the report and recommendation, that Defendants are entitled to summary judgment on Plaintiff's RLUIPA claim.

C.   Equal Protection Claim

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. *San Antonio School District v. Rodriguez*, 411 U.S. 1, 67 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000).

ORDER - 4

1  To prevail on this equal protection claim, Plaintiff must prove
2  that a discriminatory intent was a motivating factor in the
3  decision not to provide Halal meat to Plaintiff and that
4  Defendants also failed to satisfy the *Turner* reasonable
5  relationship test.  *Salaam v. Collins*, 830 F.Supp. 853, 859 (D.
6  Md. 1993); *Abdullah v. Fard*, 974 F.Supp. 1112, 1119 (N.D. Ohio
7  1997).

8  　　　The Magistrate Judge correctly found that Plaintiff failed to
9  allege a discriminatory purpose behind DOC's policy of providing
10 ovo-lacto vegetarian meals to Muslim inmates to accommodate their
11 religious beliefs.  (Ct. Rec. 89, p. 16).  As determined by the
12 Magistrate Judge, even if a discriminatory purpose was shown,
13 Defendants' dietary program pertaining to Muslim inmates still met
14 the *Turner* reasonable relationship test.  Accordingly, the
15 undersigned finds, in accord with the report and recommendation,
16 that Defendants are entitled to summary judgment with respect to
17 Plaintiff's equal protection claim as well.

18 D.   Conclusion

19 　　　Having reviewed the report and recommendation (Ct. Rec. 89),
20 Plaintiff's objections to the report and recommendation (Ct. Rec.
21 96), and Defendants' response (Ct. Rec. 100), said report and
22 recommendation is **ADOPTED** in its entirety.

23 　　　**IT IS HEREBY ORDERED** that Defendants' motion for summary
24 judgment (**Ct. Rec. 48**) is **GRANTED**, Defendants are awarded summary
25 ///
26 ///
27 ///
28 ///

ORDER - 5

1 judgment on all of the claims set forth in Plaintiff's amended
2 complaint (Ct. Rec. 33), and Plaintiff's case is **DISMISSED WITH**
3 **PREJUDICE**.
4    **IT IS SO ORDERED**.  The District Court Executive shall enter
5 this order, enter **JUDGMENT** in favor of the Defendants, forward
6 a copies to Plaintiff and counsel, and **CLOSE THE FILE**.
7    **DATED** this 6th   day of March, 2006.

                                    *s/Lonny R. Suko*

                                 _____
                                       LONNY R. SUKO
                                 UNITED STATES DISTRICT JUDGE